IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
(LOUISVILLE DIVISION)


KEVIN T. PURCELL                                                    PLAINTIFF
511 Greencrest Drive
Cecilia, Kentucky 42724



                                        Case No.  3:18-cv-74-TBR

v.
                                        Senior Judge  Thomas B. Russell



ACCEPTANCE NOW d/b/a RAC ACCEPTANCE EAST, LLC          DEFENDANTS
5501 Headquarters Drive
Plano, Texas 75024

        SERVE:      CT Corporation System
                    306 W. Main Street, Suite 512
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL)

AND

BEACON COMMUNITY CREDIT UNION, INC.
7910 National Turnpike
Louisville, Kentucky 40214

        SERVE:      Penny L. Haseker
                    7910 National Turnpike
                    Louisville, Kentucky 40214
                    (BY CERTIFIED MAIL)
AND

GLA COLLECTION COMPANY, INC.
2630 Gleeson Lane
Louisville, Kentucky 40214

SERVE:      Michael L. Lynch
            2630 Gleeson Lane
            Louisville, Kentucky 40299
            (BY CERTIFIED MAIL)


AND

EQUIFAX INFORMATION SERVICES, LLC
1550 Peachtree Street, N.W.
Atlanta, Georgia 30309

        SERVE:      CSC-Lawyers Incorporating Service Co.
                    421 W. Main Street
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL)

AND


EXPERIAN INFORMATION SOLUTIONS, INC.
475 Anton Boulevard
Costa Mesa, California 92626

        SERVE:      CT Corporation System
                    306 W. Main Street, Suite 512
                    Frankfort, Kentucky 40601
                    (BY CERTIFIED MAIL)

** ** ** **

### VERIFIED COMPLAINT

Comes the Plaintiff, Kevin T. Purcell, by counsel, and for his Verified Complaint against

the Defendants, Acceptance Now d/b/a RAC Acceptance East, LLC ("Acceptance"), Beacon

Community Credit Union, Inc. ("Beacon"), GLA Collection Company, Inc. ("GLA"), Equifax

Information Services, LLC ("Equifax"), and Experian Information Solutions, Inc. ("Experian"),

states as follows:

## I. **PRELIMINARY STATEMENT**

1.      This is an action for negligence, defamation and violation of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 et seq. arising out of Defendants' failure to investigate Plaintiff's credit reporting disputes; and Acceptance's, Beacon's and GLA's false reporting to Equifax and Experian of  alleged delinquent debts; and Defendants' failure to correct Acceptance's, Beacon's and GLA's false reporting on Plaintiff's credit reports.

## II. **PARTIES**

2.      Plaintiff, Kevin Purcell, is currently and was at all relevant times a citizen of the Commonwealth of Kentucky residing at 511 Greencrest Drive, Cecilia, Kentucky 42724.

3.      Plaintiff is a "consumer" as that term is defined by the FCRA, 15 U.S.C. §1681a(c).

4.      Defendant, Acceptance, is Texas Corporation doing business in the Commonwealth of Kentucky with its principal place of business at 5501 Headquarters Drive, Plano, Texas 75024.

5.      Acceptance is a "person" at that term is defined by the FCRA 15 U.S.C. §1681a(b).

6.      Defendant, Beacon, is Kentucky corporation doing business in the Commonwealth of Kentucky with its principal place of business at 7910 National Turnpike, Louisville, Kentucky 40214.

7.      Beacon is a "person" at that term is defined by the FCRA 15 U.S.C. §1681a(b).

8.      Defendant, GLA is a Kentucky corporation doing business in the Commonwealth of Kentucky with its principal place of business at 2630 Gleeson Lane, Louisville, Kentucky 40299.

9.      GLA is a "person" at that term is defined by the FCRA 15 U.S.C. §1681a(b).

10.      Defendant, Equifax, is a corporation organized under the laws of the State of Georgia and doing business in the Commonwealth of Kentucky with its principal place of business

located at 1550 Peachtree Street, N.W., Atlanta, Georgia 30309.

11.    Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

12.    Equifax is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

13.    Defendant, Experian, is a corporation organized under the laws of the State of California and doing business in the Commonwealth of Kentucky with its principal place of business located at 475 Anton Boulevard, Costa Mesa, California 92626.

14.    Experian is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as that term is defined by the FCRA, 15 U.S.C. §1681a(o).

15.    Experian is regularly engaged in the business of assembling, evaluating and dispensing information concerning consumers for the purpose of furnishing "consumer reports," as that term is defined at 15 U.S.C. §1681a(d), to third parties.

### III. JURISDICTION

16.    This Court has jurisdiction over this action: (1) pursuant to the FCRA, 15 U.S.C. §1681(p); (2) pursuant to 28 U.S.C. §1331; and (3) because the transactions and occurrences giving rise to this action occurred in Hardin County, Kentucky as a result of the Defendants' doing business in Hardin County, Kentucky.

### IV. FACTUAL BACKGROUND

#### Acceptance Now, Beacon Community Credit Union, Equifax and Experian

17.    In or around November 2017, Plaintiff, who was in the process of seeking home mortgage financing, accessed his Equifax and Experian credit reports and discovered that Acceptance was reporting that Plaintiff's Acceptance account was past due and owing to

Acceptance in the amount of $1,255.00.

18.    In or around July 2015, Acceptance charged off Plaintiff's debt in the amount of $1,255.00, presumably Plaintiff's remaining balance on the Acceptance account, pursuant to 26 U.S.C. § 6050P(b)(2)(G).

19.    Immediately upon discovering Acceptance's false and derogatory tradeline which showed an alleged balance due and owing to Acceptance, Plaintiff filed disputes with Equifax and Experian regarding the inaccuracy of the Acceptance tradeline given Acceptance's forgiveness and discharge of the alleged debt.

20.    Upon information and belief, Equifax and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Acceptance of the disputes at or within five (5) days of Equifax's and Experian's receiving notice of the disputes from Plaintiff.

21.    In January 2018, Acceptance, Equifax and Experian verified the alleged past due Acceptance account reporting on Plaintiff's credit reports.

22.    Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Acceptance, Equifax and Experian failed to investigate Plaintiff's disputes and failed to remove the disputed item from Plaintiff's credit reports.

23.    Upon information and belief, Acceptance, Equifax and Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Acceptance's, Equifax's and Experian's receipt of Plaintiff's disputes.

24.    The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure to investigate Plaintiff's disputes and Defendants' false reporting of Plaintiff's alleged past due

Acceptance account.

25.     In or around November 2017, Plaintiff, who was in the process of seeking home mortgage financing, accessed his Equifax and Experian credit reports and discovered that Acceptance was reporting that Plaintiff's Beacon account was past due and owing to Beacon in the amount of $764.00.

26.     In or around February 2015, Beacon charged off Plaintiff's debt in the amount of $764.00, presumably Plaintiff's remaining balance on the Beacon account, pursuant to 26 U.S.C. § 6050P(b)(2)(G).

27.     Immediately upon discovering Beacon's false and derogatory tradeline which showed an alleged balance due and owing to Beacon, Plaintiff filed disputes with Equifax and Experian regarding the inaccuracy of the Beacon tradeline given Beacon's forgiveness and discharge of the alleged debt.

28.     In December 2017, Beacon, Equifax and Experian verified the alleged past due Beacon account reporting on Plaintiff's credit reports.

29.     Despite Plaintiff's lawful request for removal of the disputed item pursuant to the FCRA, Beacon, Equifax and Experian failed to investigate Plaintiff's disputes and failed to remove the disputed item from Plaintiff's credit reports.

30.     Upon information and belief, Beacon, Equifax and Experian did not evaluate or consider any of Plaintiff's information, claims, or evidence, and did not make any and/or sufficient attempts to remove the disputed item within a reasonable time following Beacon's, Equifax's and Experian's receipt of Plaintiff's disputes.

31.     The Defendants' actions have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit due to the Defendants' failure

to investigate Plaintiff's disputes and Defendants' false reporting of Plaintiff's alleged past due Beacon account.

### GLA, Equifax and Experian

32.    In or around November 2017, Plaintiff, who was in the process of attempting to secure mortgage financing, accessed his Equifax and Experian credit reports and discovered a false and derogatory tradeline furnished by GLA regarding an alleged medical collections account.

33.    Immediately upon his discovery of the reporting of the collections account, Plaintiff disputed the GLA tradeline with Equifax and Experian. Specifically, Plaintiff disputed GLA Account No. 5311660014851***, stating in his disputes that all fees for those services were paid by Medicaid and/or Passport of Kentucky.

34.    Upon information and belief, Equifax and Experian, pursuant to the requirements stated in 15 U.S.C. §1681i(a)(2)(A), notified Beacon of the disputes at or within five (5) days of Equifax's and Experian's receiving notice of the disputes from Plaintiff.

35.    In January 2018, Plaintiff received Equifax's and Experian's dispute results. Despite Plaintiff's lawful request for removal of the GLA tradeline, GLA, Equifax, and Experian refused to delete the tradeline from Plaintiff's credit reports.

36.    The Defendants' false credit reporting and their failure to investigate Plaintiff's disputes have damaged Plaintiff in that Plaintiff has been denied credit and/or has been forced to pay a high rate of interest for credit.

### V. CLAIMS

#### Negligence – Acceptance

37.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 36 as if fully set forth herein.

38.    Acceptance's failure to investigate Plaintiff's disputes and its false reporting to

7

Equifax and Experian regarding the Acceptance tradeline were negligent under applicable law. In failing to investigate Plaintiff's dispute and in falsely reporting the status of the Acceptance account, Acceptance breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

39.    Acceptance's failure to investigate Plaintiff's dispute and its false reporting to Equifax and Experian regarding the alleged past due Acceptance account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

40.    Acceptance's failure to investigate Plaintiff's disputes and its false reporting to Equifax and Experian regarding the Acceptance tradeline were willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Beacon

41.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 40 as if fully set forth herein.

42.    Beacon's failure to investigate Plaintiff's disputes and its false reporting to Equifax and Experian regarding the Beacon tradeline were negligent under applicable law. In failing to investigate Plaintiff's dispute and in falsely reporting the status of the Beacon account, Beacon breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

43.    Beacon's failure to investigate Plaintiff's dispute and its false reporting to Equifax and Experian regarding the alleged past due Beacon account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial

decline in Plaintiff's credit rating, and other compensatory and consequential damages.

44.    Beacon's failure to investigate Plaintiff's disputes and its false reporting to Equifax and Experian regarding the Beacon tradeline were willful and wanton, entitling Plaintiff to punitive damages therefor.

## Negligence – GLA

45.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 44 as if fully set forth herein.

46.    GLA's failure to investigate Plaintiff's disputes and its false reporting to Equifax and Experian regarding the GLA tradeline were negligent under applicable law.  In failing to investigate Plaintiff's dispute and in falsely reporting the status of the GLA account, GLA breached its duties to Plaintiff to investigate consumer disputes and to report accurate information regarding Plaintiff's credit history and acted with conscious disregard for Plaintiff's rights.

47.    GLA's failure to investigate Plaintiff's dispute and its false reporting to Equifax and Experian regarding the alleged past due GLA account has caused and continues to cause damage to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

48.    GLA's failure to investigate Plaintiff's disputes and its false reporting to Equifax and Experian regarding the GLA tradeline were willful and wanton, entitling Plaintiff to punitive damages therefor

## Negligence – Equifax

49.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 48 as if fully set forth herein.

50.    Equifax's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of Plaintiff's Acceptance, Beacon and GLA accounts, despite Plaintiff's lawful

notice to Equifax of the falsity of the report, was negligent.

51.     In failing to investigate Plaintiff's dispute and in failing to delete and/or amend its reporting of the subject tradelines, Equifax breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

52.     Equifax's negligent failure to delete and/or amend its reporting of the subject tradelines has caused, and continues to cause damages to Plaintiff, including, but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

53.     Equifax's failure to delete and/or amend its reporting of the subject tradelines, despite Plaintiff's lawful notice to Equifax of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Negligence – Experian

54.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 53 as if fully set forth herein.

55.     Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the Acceptance, Beacon and GLA tradelines, despite Plaintiff's lawful notices to Experian of the falsity of the report, was negligent.

56.     In failing to investigate Plaintiff's dispute and in failing to delete and/or amend its reporting of the Acceptance, Beacon and GLA tradelines, Experian breached its duties to Plaintiff to thoroughly investigate any and all credit reporting disputes and to maintain accurate credit histories for Plaintiff, and acted with conscious disregard for Plaintiff's rights.

57.     Experian's negligent failure to delete and/or amend its reporting of the Acceptance, Beacon and GLA tradelines has caused, and continues to cause damages to Plaintiff, including,

10

but not limited to, humiliation and embarrassment, a substantial decline in Plaintiff's credit rating, and other compensatory and consequential damages.

58.    Experian's failure to delete and/or amend its reporting of the Acceptance, Beacon and GLA tradelines, despite Plaintiff's lawful notice to Experian of the falsity of the reporting, was willful and wanton, entitling Plaintiff to punitive damages therefor.

### Defamation – Acceptance

59.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 58 as if fully set forth herein.

60.    Acceptance, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax and Experian and other currently unknown individuals and/or entities who have accessed Plaintiff's credit reports, that Plaintiff has a past due and payable Acceptance account. Acceptance's statements were false and were made with conscious disregard for the rights of the Plaintiff.

61.    Acceptance's publication of false statements regarding Plaintiff's creditworthiness and the alleged past due Acceptance account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Beacon

62.    Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 61 as if fully set forth herein.

63.    Beacon, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax and Experian and other currently unknown individuals and/or entities who have accessed Plaintiff's credit reports, that Plaintiff has a past due and payable Beacon account. Beacon's statements were false and were

made with conscious disregard for the rights of the Plaintiff.

64.     Beacon's publication of false statements regarding Plaintiff's creditworthiness and the alleged past due Beacon account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – GLA

65.     Plaintiff hereby adopts and incorporates the allegations contained in paragraphs 1 through 64 as if fully set forth herein.

66.     GLA, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Equifax and Experian and other currently unknown individuals and/or entities who have accessed Plaintiff's credit reports, that Plaintiff has a past due and payable GLA account.  GLA's statements were false and were made with conscious disregard for the rights of the Plaintiff.

67.     GLA's publication of false statements regarding Plaintiff's creditworthiness and the alleged past due GLA account amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

## Defamation – Equifax

68.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 67 as if fully set forth herein.

69.     Equifax, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to, Acceptance, Beacon, GLA and other currently unknown entities and/or individuals who have accessed Plaintiffs' Equifax credit report, that Plaintiff has past due and payable accounts with Acceptance, Beacon and GLA. Equifax's statements were false and were made with conscious disregard for the rights of the

Plaintiff.

70.    Equifax's publication of false statements regarding Plaintiff's creditworthiness amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Defamation – Experian

71.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 70 as if fully set forth herein.

72.    Experian, with knowledge of the falsity of its statements, has published and continues to publish statements to others, including, but not limited to Acceptance, Beacon and GLA and other currently unknown entities and/or individuals who have accessed Plaintiff's Experian credit report, that Plaintiff has past due and payable accounts with Acceptance, Beacon and GLA.  Experian's statements were false and were made with conscious disregard for the rights of the Plaintiff.

73.    Experian's publication of false statements regarding Plaintiff's creditworthiness and Plaintiff's alleged past due Acceptance, Beacon and GLA accounts amounts to defamation and defamation *per se* of the Plaintiff, entitling Plaintiff to compensatory, special, consequential and punitive damages therefor.

### Negligent Violation of the Fair Credit Reporting Act – Acceptance

74.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 73 as if fully set forth herein.

75.    Acceptance's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax and Experian of Plaintiff's alleged past due and payable Acceptance account are violations of Acceptance's duties as a furnisher of credit information pursuant to the

FCRA, 15 U.S.C. §1681s-2(b).

76.     Acceptance's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Acceptance is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – Beacon

77.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 76 as if fully set forth herein.

78.     Beacon's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax and Experian of Plaintiff's alleged past due and payable Beacon account are violations of Beacon's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

79.     Beacon's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which Beacon is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorneys' fees.

### Negligent Violation of the Fair Credit Reporting Act – GLA

80.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 79 as if fully set forth herein.

81.     GLA's failure to investigate Plaintiff's disputes and its initial and continuing false reporting to Equifax and Experian of Plaintiff's alleged past due and payable GLA account are violations of GLA's duties as a furnisher of credit information pursuant to the FCRA, 15 U.S.C. §1681s-2(b).

82.     GLA's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o for which GLA is liable to Plaintiff for Plaintiff's actual

damages, for statutory damages, and for Plaintiff's attorneys' fees.

<strong>Negligent Violation of the Fair Credit Reporting Act – Equifax</strong>

83.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 82 as if fully set forth herein.

84.    Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the subject tradelines despite knowledge of the falsity of the disputed item is a violation of Equifax's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

85.    Equifax's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Equifax's receipt of Plaintiff's dispute is a violation of Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

86.    Equifax's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

<strong>Negligent Violation of the Fair Credit Reporting Act – Experian</strong>

87.    Plaintiffs hereby adopt and incorporate the allegations contained in Paragraphs 1 through 86 as if fully set forth herein.

88.    Experian's failure to investigate Plaintiff's dispute and its failure to delete and/or amend its reporting of the disputed Acceptance, Beacon and GLA accounts from Plaintiff's credit report despite knowledge of the falsity of the disputed item is a violation of Experian's duty to ensure maximum possible accuracy of consumer reports under 15 U.S.C. §1681e(b) and

Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

89.     Experian's failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts to delete and/or amend its reporting of the disputed item within a reasonable time following Experian's receipt of Plaintiff's dispute is a violation of Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

90.     Experian's violations of the FCRA amount to negligent non-compliance with the FCRA as stated in 15 U.S.C. §1681o, for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Acceptance

91.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 90 as if fully set forth herein.

92.     Acceptance's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax and Experian of Plaintiff's alleged past due and payable Acceptance account, despite Acceptance's knowledge of the falsity of its reporting, are willful violations of Acceptance's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

93.     Given Acceptance's knowledge of the falsity of its reporting, Acceptance's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Acceptance is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Beacon

94.     Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 93 as if fully set forth herein.

95.    Beacon's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax and Experian of Plaintiff's alleged past due and payable Beacon account, despite Beacon's knowledge of the falsity of its reporting, are willful violations of Beacon's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

96.    Given Beacon's knowledge of the falsity of its reporting, Beacon's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Beacon is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – GLA

97.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 96 as if fully set forth herein.

98.    GLA's failure to investigate Plaintiff's dispute and its initial and continuing false reporting to Equifax and Experian of Plaintiff's alleged past due and payable GLA account, despite GLA's knowledge of the falsity of its reporting, are willful violations of GLA's duties as a furnisher of credit information pursuant to the FCRA, as stated in 15 U.S.C. §1681s-2(b).

99.    Given GLA's knowledge of the falsity of its reporting, GLA's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which GLA is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages, and for Plaintiff's attorney's fees.

### Willful Violation of the Fair Credit Reporting Act – Equifax

100.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 99 as if fully set forth herein.

101.    Equifax's failure to investigate Plaintiff's dispute and its failure to delete and/or

amend its reporting of the subject tradelines despite Equifax's knowledge of the falsity of the disputed items are willful violations of Equifax's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Equifax's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

102.    Equifax's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed items within a reasonable time following Equifax's receipt of Plaintiff's disputes are willful violations of Equifax's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

103.    Equifax's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Equifax is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

### Willful Violation of the Fair Credit Reporting Act – Experian

104.    Plaintiff hereby adopts and incorporates the allegations contained in Paragraphs 1 through 103 as if fully set forth herein.

105.    Experian's failure to investigate Plaintiff's disputes and its failure to delete and/or amend its reporting of the Acceptance, Beacon and GLA accounts despite Experian's knowledge of the falsity of the disputed items are willful violations of Experian's duty to ensure maximum possible accuracy of consumer reports as stated in 15 U.S.C. §1681e(b) and Experian's duties regarding investigation of disputed items under 15 U.S.C. §1681i.

106.    Experian's failure to investigate Plaintiff's disputes, its failure to evaluate or consider any of Plaintiff's information, claims or evidence, and its failure to make any and/or sufficient attempts delete and/or amend its reporting of the disputed items within a reasonable time

following Experian's receipt of Plaintiff's disputes are willful violations of Experian's duties regarding investigation of disputed items as stated in 15 U.S.C. §1681i.

107.    Experian's violations of the FCRA amount to willful non-compliance with the FCRA as stated in 15 U.S.C. §1681n for which Experian is liable to Plaintiff for Plaintiff's actual damages, for statutory damages, for punitive damages and for Plaintiff's attorneys' fees.

WHEREFORE, Plaintiff, Kevin T. Purcell, respectfully demands the following:

1.    Trial by jury on all issues so triable;

2.    Judgment against the Defendants for statutory, compensatory, consequential and punitive damages;

3.    For attorneys' fees and costs; and,

4.    Any and all other relief to which Plaintiffs may appear to be entitled.

Respectfully submitted,

*/s/David W. Hemminger*
David W. Hemminger
HEMMINGER LAW OFFICE, P.S.C.
616 South Fifth St.
Louisville, KY 40202
Phone, (502) 443-1060
Facsimile, (502) 589-3004
hemmingerlawoffice@gmail.com
*Counsel for Plaintiff*

## VERIFICATION

I, Kevin T. Purcell, hereby state that I have read the foregoing Verified Complaint and the statements contained therein are true and accurate to the best of my knowledge, information and belief.

_____
Kevin T. Purcell

COMMONWEALTH OF KENTUCKY    )
                                    ) SS
COUNTY OF HARDIN                    )

Subscribed, sworn to and acknowledged before me by Kevin T. Purcell this 2 day of

February       , 2018

_____
Notary Public

Commission expires: _____

HEATHER STRAIN
Notary Public
State at Large
Kentucky
My Commission Expires Mar. 7, 2020